[Cite as *In re C.M.*, 2012-Ohio-342.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE: C.M.


:    JUDGES:
:    Sheila G. Farmer, P.J.
:    John W. Wise, J.
:    Julie A. Edwards, J.
:
:    Case Nos. 11CA00013 & 11CA00036
:
:
:    O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Licking County Court of Common Pleas, Juvenile Division, Case No. A2006-0654 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | January 23, 2012 |
| APPEARANCES: | |

For State of Ohio

KENNETH OSWALT
Licking County Prosecutor
Licking County Prosecutor's Office
Licking County Admin. Bldg.
20 South Second Street
Newark, Ohio 43055

For C.M.

AMANDA J. POWELL
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

*Edwards, J.*

{¶1} Appellant, C.M., appeals from the January 26, 2007, Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, ordering appellant to register as a juvenile sex offender and the December 23, 2010, Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, denying his Motion to Vacate Juvenile Sex Offender Classification Order. The two cases have been consolidated for purposes of appeal.

## STATEMENT OF THE FACTS AND CASE

{¶2} On August 18, 2006, a complaint was filed in the Licking County Court of Common Pleas, Juvenile Division, alleging that appellant C.M. was delinquent by virtue of having committed the offense of rape in violation of R.C. 2907.02(A)(2). While appellant was 18 years old when the complaint was filed, he was 17 years old at the time of the alleged rape. On November 20, 2006, the trial court found appellant to be delinquent for committing rape, a felony of the first degree if committed by an adult. A disposition hearing was scheduled for January 26, 2007. As memorialized in a Judgment Entry filed on January 26, 2007, at the dispositional hearing, appellant was committed to jail for thirty days and was placed on sex offender probation for a period of 28 months. Pursuant to a separate Judgment Entry filed on January 26, 2007, the trial court also classified appellant as a juvenile sex offender registrant pursuant to R.C. 2152.82 with a duty to register once a year for a period of (10) ten years.

{¶3} Appellant subsequently received notification from the Ohio Attorney General stating that he had been classified under Senate Bill 10 as a Tier III sex offender and that he was required to register every 90 days for life. In response,

appellant filed a petition contesting his reclassification on constitutional grounds in the Hamilton County Juvenile Court. After the trial court overruled his constitutional challenges and denied his petition, appellant filed an appeal with the First District Court of Appeals. Pursuant to a Judgment Entry filed on December 23, 2009, in *In Re: Carl E. ____ III*, Hamilton App. No. C-081233, the First District affirmed the decision of the trial court, finding that Senate Bill 10 was constitutional as applied to juvenile offenders such as appellant.

**{¶4}** Appellant then filed an appeal with the Ohio Supreme Court. On March 25, 2010, appellant filed an application to reopen his First District Appeal pursuant to App.R. 26(B).

**{¶5}** The Ohio Supreme Court, via an Entry filed on April 14, 2010 in *In re: Carl E. McClurg, III*, Case No. 2010-0256, accepted appellant's appeal and ordered that the case be held for the decision in *In re Smith*, No. 2008-1624 and *State v. Bodyke*, No. 2008-2502. Pursuant to a Judgment Entry filed in Case No. 2010-0256 on August 17, 2010, the Ohio Supreme Court reversed the judgment of the First District Court of Appeals "as to those portions of the judgment that rejected constitutional challenges to the Adam Walsh Act on separation-of-powers grounds", and remanded the case to the trial court for "further proceedings, if any, necessitated by, *State v. Bodyke*, _____ Ohio St.3d, 2010-Ohio-2424, _____N.E.2d_____."

**{¶6}** The First District Court of Appeals, as memorialized in a Judgment Entry filed on October 27, 2010 in *In Re: Carl E. McClurg, III*, Hamilton App. No. C-081233, granted appellant's App.R. 26(B) application to reopen his appeal and ordered that the judgment of the Hamilton County Juvenile Court be reversed. The First District Court of

Appeals, in its Judgment Entry, held that pursuant to *Bodyke*, appellant's previous classification, community-notification and registration orders were reinstated.

{¶7} Subsequently, on November 24, 2010, appellant filed a motion in the Licking County Court of Common Pleas, Juvenile Division, asking that the juvenile sex offender registration duties imposed in his case on January 26, 2007 be vacated because the trial court had erred classifying appellant as a juvenile sex offender registrant pursuant to R.C. 2152.82 rather than R.C. 2152.83(A)(1). As memorialized in a Judgment Entry filed on December 23, 2010, the trial court denied such motion, stating that a motion to vacate was not a substitute for a timely appeal and that it believed that appellant had not been prejudiced by the trial court's prior orders pertaining to classification.

{¶8} On January 24, 2011, appellant filed an appeal from the trial court's December 23, 2010 Judgment Entry. Such appeal was assigned Case No. 2011CA00013. On March 28, 2011, appellant filed an appeal from the trial court's January 26, 2007 Judgment Entry. Such appeal was assigned Case No. 2011CA0036. On April 21, 2011, appellant filed a motion to consolidate the two cases. Pursuant to a Judgment Entry filed in this Court on May 9, 2011, the two cases were consolidated for review.

{¶9} Appellant now raises the following assignment of error on appeal:

{¶10} "THE LICKING COUNTY JUVENILE COURT COMMITTED PLAIN ERROR WHEN IT CLASSIFIED CARL M. AS A TIER I JUVENILE SEXUAL OFFENDER REGISTRANT PURSUANT TO R.C. 2152.82."

I

**{¶11}** Appellant, in his sole assignment of error, argues that the trial court committed plain error when it classified appellant as a Tier I juvenile sexual offender registrant pursuant to R.C. 2152.82. Appellant specifically contends he was never previously adjudicated delinquent for committing a sexually-oriented offense which is a necessary requirement for classification under R.C. 2152.82.

**{¶12}** The version of R.C. 2152.82(A) that was in effect at the time of appellant's classification hearing provided, in relevant part, as follows: "(A) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

**{¶13}** "(1) The act for which the child is adjudicated a delinquent child is a sexually oriented offense that is not a registration-exempt sexually oriented offense or is a child-victim oriented offense that the child committed on or after January 1, 2002.

**{¶14}** "(2) The child was fourteen, fifteen, sixteen, or seventeen years of age at the time of committing the offense.

**{¶15}** "(3) The court has determined that the child previously was convicted of, pleaded guilty to, or was adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense, regardless of when the prior offense was committed and regardless of the child's age at the time of committing the offense…"

**{¶16}** In turn, the version of R.C. 2152.83 in effect at such time provided, in relevant part, as follows: "(A)(1) The court that adjudicates a child a delinquent child

shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility, an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

**{¶17}** "(a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense that is not a registration-exempt sexually oriented offense or is a child-victim oriented offense that the child committed on or after January 1, 2002.

**{¶18}** "(b) The child was sixteen or seventeen years of age at the time of committing the offense.

**{¶19}** "(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code."

**{¶20}** In the case sub judice, the trial court never previously adjudicated appellant delinquent for committing a sexually oriented offense. Thus, the trial court erred in classifying appellant under R.C. 2152.82 rather than R.C. 2152.83.

**{¶21}** Appellant's sole assignment of error is, therefore, sustained.

**{¶22}** Accordingly, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded to the trial court to correct the record to reflect the correct code section.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d0822

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE: C.M.                                  :
                                             :
                                             :
                                             :
                                             :
                                             :
                                             :        JUDGMENT ENTRY
                                             :
                                             :
                                             :
                                             :
                                             :        CASE NOS. 11CA00013 &
                                                               11CA00036


       For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded to the trial court to correct the record. Costs assessed to appellee.


 

_____

_____

_____

                     JUDGES